

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-25-00175-CV

IN THE INTEREST OF B.R.M. AND M.M.M., CHILDREN

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2016-522,264, Honorable Douglas H. Freitag, Presiding

August 12, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Proceeding pro se, appellant S.D.F. ("Mother") appeals the trial court's modification order rendered after a jury verdict in this suit affecting the parent-child relationship ("SAPCR"). Mother raises four issues challenging the trial court's order. We affirm.

**BACKGROUND**

B.R.M. and M.M.M. are children born to Mother and appellee J.M. ("Father").[1] In July of 2022, Mother filed a petition to modify the parent-child relationship and Father filed

---

[1] To protect the children's identities, we use initials to refer to them and we refer to their parents as "Mother" and "Father." *See* TEX. FAM. CODE § 109.002(d).

a counter-petition.  After a March 2025 trial, the jury determined that Father should be appointed sole managing conservator of the children.  In April of 2025, the trial court entered an order on the jury's verdict appointing Father sole managing conservator and Mother possessory conservator.  The trial court also ordered Mother to pay Father's attorney's fees in the amount of $29,100.  Mother timely filed this appeal.

## ANALYSIS

In her first issue, Mother asserts the evidence is legally insufficient to support the trial court's order.  Legal sufficiency challenges may be raised for the first time on appeal, but only following a nonjury trial in a civil suit.  TEX. R. APP. P. 33.1(d).  After a jury trial, a legal sufficiency challenge may be preserved by (1) a motion for instructed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the issue to the jury, (4) a motion to disregard the jury's answer to a vital fact issue, or (5) a motion for new trial.  *In re D.T.*, 625 S.W.3d 62, 75 n.8 (Tex. 2021).

Although Mother took none of these actions, she did file a "Motion for Reconsideration" 30 days after the trial court's order was signed.  Construed liberally, Mother's Motion for Reconsideration could be treated as a motion for new trial.  *See Fox v. Wardy*, 318 S.W.3d 449, 451 n.1 (Tex. App.—El Paso 2010, pet. denied) (substance of pro se litigant's motion for reconsideration construed as motion for new trial); *Adams v. Ross*, No. 01-15-00315-CV, 2016 Tex. App. LEXIS 8245, at *4 (Tex. App.—Houston [1st Dist.] Aug. 2, 2016, no pet.) (mem. op.) (courts generally treat motion for reconsideration seeking modification or reversal of judgment as motion for new trial).  Even so, we conclude that Mother's motion failed to preserve her legal sufficiency challenge.  The short Motion for Reconsideration contains only general statements and

2

makes no reference to the sufficiency of the evidence. *See Santos v. Comm'n for Lawyer Discipline*, 140 S.W.3d 397, 406 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("If objections asserted in a motion for new trial are stated too broadly, the trial court is under no obligation to consider the motion."). A motion for new trial that states one legal theory cannot be used to support a different legal theory on appeal. *Gerdes v. Kennamer*, 155 S.W.3d 523, 532 (Tex. App—Corpus Christi 2004, pet. denied). We conclude that Mother's challenge to the legal sufficiency of the evidence was not preserved and we overrule her first issue.

In her second issue, Mother argues that "[b]ecause the verdict rests on inference rather than proof of significant impairment, reversal is required." In support of this issue, Mother refers to the jury's submission of questions during deliberation and her concern that a juror appeared to be inattentive. To obtain reversal of a judgment based on an error in the trial court, an appellant must show that (1) the error occurred and (2) it probably caused rendition of an improper judgment, or probably prevented the appellant from properly presenting the case to the appellate court. TEX. R. APP. P. 44.1(a); *Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 225 (Tex. 2005). Mother does not explain with any detail or specificity how the complained-of events affected the judgment, and, after reviewing the record, we cannot conclude that they did. Because Mother has not shown reversible error, we overrule her second issue.

In her third issue, Mother contends that the evidence is factually insufficient to support the trial court's order. Mother's discussion of this issue consists of four sentences. It contains a single case citation and no references to the record. The issue is inadequately briefed and therefore waived. *See* TEX. R. APP. P. 38.1(i) (appellant's

3

brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and the record); *In re Estate of Valdez*, 406 S.W.3d 228, 235 (Tex. App.—San Antonio 2013, pet. denied) (failure to satisfy Rule 38.1(i) waives issue on appeal).

In her final issue, Mother claims that, since the underlying judgment must be reversed, the award of attorney's fees also must be reversed. Mother's presentation of this issue consists of a single sentence. For the same reasons identified in issue three, we conclude that this issue is inadequately briefed and therefore waived. *See* TEX. R. APP. P. 38.1(i). Even had the complaint been properly presented, we would not disturb the award of attorney's fees because the underlying judgment is affirmed.

## CONCLUSION

Having overruled each of Mother's issues, we affirm the judgment of the trial court.


Judy C. Parker
Chief Justice

4